EUGENE A. FELCH *vs.* INHABITANTS OF WEST BROOKFIELD.

Worcester.    September 30, 1903. — October 21, 1903.

Present: KNOWLTON, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Way*, Defect in highway.

A town is not liable for an injury caused by an unsuitable bridge, outside of the travelled path of a highway, constructed across a gutter to connect a private way with the highway.

TORT for personal injuries alleged to have been caused by a defect in a highway leading from the centre of the village of West Brookfield to the town of Warren. Writ as amended dated June 27, 1902.

At the trial in the Superior Court before *Hardy*, J., it appeared, that the alleged defect consisted in a plank bridge across a gutter which the plaintiff contended was too narrow, unsuitable, and improperly guarded. The accident happened when the plaintiff was attempting to drive over this bridge in a snow storm on January 7, 1902, at about six o'clock P. M. The bridge had been constructed across the gutter to connect a private driveway with the highway and was outside of the travelled portion of the street.

At the close of the evidence, the defendant having requested a ruling that upon all the evidence the plaintiff could not recover, the judge asked the plaintiff's counsel whether he contended that the way reached by the bridge was a public highway, and he replied that he did not. The judge ordered a verdict for the defendant, on the ground that the accident was without the limits of the highway, so far as it was wrought for public travel, and that the plaintiff was not a traveller upon the highway at the time of the accident. The defendant alleged exceptions.

*H. W. King & C. M. Rice*, for the defendant.

*J. R. Kane*, for the plaintiff.

BARKER, J. It being plain that the plank bridge off one end of which the plaintiff's wheel fell, causing the injury, was not a part of the travelled path but outside of it, and constructed solely

for the purpose of facilitating access between the travelled path and a private way which opened into the highway on one side, and from which the plaintiff was driving, the case is governed by that of *Kellogg* v.. *Northampton*, 4 Gray, 65, 69. See also *Howard* v. *North Bridgewater*, 16 Pick. 189; *Shepardson* v. *Colerain*, 13 Met. 55; *Smith* v. *Wendell*, 7 Cush. 498; *Harwood* v. *Oakham*, 152 Mass. 421; *Carey* v. *Hubbardston*, 172 Mass. 106; *Kelley* v. *Boston*, 180 Mass. 233.

*Exceptions overruled.*