CATHERINE E. STANFORD *vs.* INHABITANTS OF HYDE PARK.

Norfolk.　January 19, 20, 1904. — February 29, 1904.

Present: KNOWLTON, C J., LATHROP, BARKER, HAMMOND, & BRALEY, JJ.

*Way*, Defect in highway.

Whether a grade stake fourteen inches high, standing about two feet inside of the location of a highway of a suburban town outside of the wrought roadway, near or opposite a regular stopping place of an electric car line, is a defect in the highway for which the town is liable, is a question of fact for the jury.

TORT for personal injuries from an alleged defect in River Street, a highway of the defendant. Writ dated October 28, 1901.

In the Superior Court the case was tried before *Sherman*, J. It appeared, that the alleged defect consisted of a grade stake

standing about two feet inside of the line of the location of the highway and outside of the wrought roadway, the stake being about fourteen inches above the surface of the ground, two and one half inches wide and two inches thick, and situated near or opposite a white post which was a stopping place of an electric car line. There was evidence that the plaintiff, with her husband and three small children, was travelling in an open car which stopped at the white post, that after the car stopped the plaintiff's husband got down and helped the children, and then helped his wife who carried a baby in her arms, and that the plaintiff thus having alighted tripped over the stake and fell.

The judge refused to give the following instructions, requested by the defendant, which are referred to by the court: " 1. Upon all the evidence the plaintiff is not entitled to recover. 2. Upon all the evidence, East River Street in the defendant town was reasonably safe and convenient for travel. . . . 7. There is no evidence in this case that either the sidewalk or the carriageway of East River Street was defective."

The jury returned a verdict for the plaintiff in the sum of $1,250 ; and the defendant alleged exceptions.

*J. E. Cotter,* (*T. F. McAnarney* with him,) for the defendant.

*C. F. Choate, Jr.,* for the plaintiff, was not called upon.

HAMMOND, J. This is a very plain case. There was but little conflict in the evidence ; and it is unnecessary to recite it in detail or to cite authorities to show that the questions whether the plaintiff was in the exercise of due care, whether the stake was the cause of the injury, whether in view of the amount and character of public travel in that vicinity the way was reasonably safe and convenient, or by reason of the existence of the stake was defective, whether the defect might have been remedied by reasonable care and diligence on the part of the town, and whether the town had, or by the exercise of proper care and diligence on its part might have had, notice of the defect, are questions, not of law for the court, but of fact for the jury. The first, second and seventh requests were therefore properly refused. The other rulings requested, so far as material, were in substance given.

*Exceptions overruled.*