### ELLEN LYNCH *vs.* CITY OF BOSTON.

Suffolk.    November 13, 1903. — June 22, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & BRALEY, JJ.

*Way*, Defect in highway.

If a woman, living in a house which the city has moved back with other houses from the sidewalk under an order for widening the street to make a boulevard, in passing over the unfinished portion of the street between her house and the sidewalk strikes her foot against a board projecting a little above the surface, she cannot recover from the city for injuries thus caused, the city not being liable for a defect within the limits of the highway as located by law but outside the part of the road used and open for public travel.

TORT for personal injuries alleged to have been caused by a defect in Bennington Street, a public highway in Boston. Writ in the Municipal Court of the City of Boston dated October 18, 1901.

On appeal to the Superior Court the case was tried before *Pierce*, J., who at the close of the plaintiff's evidence ordered a verdict for the defendant. The plaintiff alleged exceptions.

*W. A. Buie*, for the plaintiff.

*P. Nichols*, for the defendant.

KNOWLTON, C. J.    This is an action to recover for an injury received by falling over an alleged defect within the limits of a public street. The evidence tends to show that the street was well constructed, with a broad paved sidewalk in good condition, opposite to the place where the accident occurred. There had been an order for widening the street to make a boulevard, and houses had been moved back a considerable distance, and the city had done a part of the work of grading and putting the

land in condition in the widened portion between the houses and the sidewalk. But the surface was left rough, with a few large stones upon it, and there was no evidence that the work had been completed, or that this widened portion had been fitted for public travel. The only portion of the street which was then designed to be used by persons passing along the street was the portion wrought for vehicles, and the adjacent sidewalks.

The plaintiff lived in one of the houses that had been moved back, and she passed over this land to reach the sidewalk, with a view to travel along the street, when her foot struck a board which stood a little above the surface, between the sidewalk and the widened portion. The question is whether this can be found to be a defect for which the city was liable. In *Kellogg* v. *Northampton*, 4 Gray, 65, 69, Mr. Justice Bigelow said that the jury should have been instructed that the town "would not be liable for obstructions or defects in portions of the highway not a part of the travelled path, and not so connected with it that they would affect the safety or convenience of those travelling on the highway and using the travelled path ; and that the town would not be legally liable where an injury was sustained by a party using the road for the purpose of passing to or from his private way or path, or his own land, although it was caused by a defect within the limits of the highway as located by law, but outside the part of the road used for public travel." This statement of the law is applicable to the present case and decisive of it. It is a doctrine which has often been stated and applied. *Shepardson* v. *Colerain*, 13 Met. 55. *Smith* v. *Wendell*, 7 Cush. 498. *Paine* v. *Brockton*, 138 Mass. 564. *Harwood* v. *Oakham*, 152 Mass. 421, 427. *Felch* v. *West Brookfield*, 184 Mass. 309.[*]

The case of *Hickey* v. *Waltham*, 159 Mass. 460, was decided upon peculiar facts, which were held to show an obstruction so created and maintained as to constitute an unlawful interference with the plaintiff's right of access to the street. It does not change the rule stated in the cases above cited.

*Exceptions overruled.*

---

[*] In *Stanford* v. *Hyde Park*, 185 Mass. 253, the stake although outside of the wrought roadway must have been found to be within the portion of the highway used for public travel on foot by persons passing to and from the electric cars.