KORAN DOLOIAN *vs.* TOWN OF AUBURN.

Worcester.   September 24, 1935. — October 30, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Way,* Public: defect. *Public Officer. Municipal Corporations,* Officers and agents. *Notice. Negligence,* Contributory.

The knowledge of the tree warden of a town of the presence on a public way therein of a pile of brush cut by Federal employees working under his supervision was not actual notice to the town of a defect in the way under G. L. (Ter. Ed.) c. 84, § 15, but a finding that by the exercise of proper care the town might have had reasonable notice of the defect before the occurrence of an accident due to it in the early evening was warranted by evidence that the brush had been thrown onto the way in the morning of that day and that the way was well travelled.

On all the evidence, it could not properly have been ruled as matter of law that the operator of an automobile which at night collided with a pile of brush on a way at a curve was guilty of negligence contributing to the collision.

TORT.   Writ dated January 11, 1934.

In the Superior Court, the action was referred to an auditor and afterwards was tried before *Whiting,* J.   There

was a verdict for the plaintiff in the sum of $4,000. The defendant alleged exceptions.

*B. T. Murphy*, for the defendant.

*H. H. Hartwell*, (*R. W. Lewis* with him,) for the plaintiff.

PIERCE, J. This is an action of tort to recover damages for injuries sustained by the plaintiff on December 6, 1933, due to an alleged defect in West Street, a public highway in the town of Auburn. Due notice of the time, place and cause of the injury was given to the defendant. This action was originally tried before an auditor under Rule 88 of the Superior Court (1932). The auditor found for the plaintiff and awarded him substantial damages. No exceptions were taken to the auditor's report nor were objections filed thereto. Under the rule aforesaid the case was tried to a jury. The auditor's report was offered in evidence and read to the jury by counsel for the plaintiff. A view of the premises was taken at the time of the auditor's hearing and at the time of the trial before the jury. At the close of the evidence the defendant seasonably filed a motion for a directed verdict which was denied, and an exception thereto was taken by the defendant. At the time of said motion the judge asked defendant's counsel upon what grounds the motion was based. The defendant's counsel thereupon specified the following grounds: (1) "of contributory negligence of the operator of the motor vehicle in which the plaintiff was riding when injured, contributing to the accident"; (2) "that the town (i.e., defendant) had no actual or constructive notice of the existence of the defect"; and (3) "by a fair preponderance of the evidence no defect existed at the time of the accident." In its brief the defendant relies on the above grounds numbered 1 and 2. All the evidence in accordance with and in addition to that found in the auditor's report, material to the exceptions, appears in the bill of exceptions.

West Street, which is maintained by the defendant, is a little more than two miles in length and runs generally in an easterly and westerly direction intersecting Southbridge Street at its easterly end and Rochdale Street at its westerly end. It is of gravel construction approximately twenty

feet in width, slightly crowned and sloping to unpaved gutters on both sides. There are no sidewalks. It is lighted at night by incandescent lamps, located on poles about one hundred fifty feet apart. Within a radius of one half mile from the scene of the accident there were three houses, one of which was occupied by the plaintiff. On December 6, 1933, the duly elected tree warden of the defendant was engaged in work consisting of cutting and trimming stumps and brush along West Street, using labor supplied by a Federal agency called "C. W. A." The men were sent to him by the local "N. R. A." administrator at about 8 A.M., and the men so sent were hired by the Federal government. The men were sent to various points along the entire length of West Street, some to the west and some to the east of the scene of the accident, and two men were assigned to cut brush on the curve where the accident happened. At about 9:45 A.M. it started to rain and fifteen or twenty minutes later the warden ordered the men to cease work for the day, and all but two left at that time. The warden himself left about 10:30 A.M. and he, his men and others testified for the defendant that he and they observed the condition of the road and it was clear of any obstruction.

The evidence for the plaintiff warranted the finding of facts in substance as follows: On December 6, 1933, the plaintiff was a resident of Auburn. On that night he accompanied one Cronin to visit a friend at St. Vincent Hospital in Worcester, going easterly by way of West Street to Southbridge Street, and about eight o'clock in the evening returning to Auburn by way of Rochdale Street and West Street. It was a dark, clear night but it had rained during the day. The brakes of the automobile were in good condition and the headlights threw light forty or fifty feet ahead. The automobile was travelling twelve to fifteen miles an hour and was driven carefully. When the operator was fifteen feet from the curve where the accident happened, he "saw some brush in the road right in the center of the sharp curve from two to three and one half feet high and fifteen feet across the road." He did not have time to

stop the automobile nor to divert its course to the left to pass the brush. An automobile could pass to the left of the brush by going into the gutter. He applied his brakes but struck the brush while travelling at the rate of about five miles an hour. The automobile became entangled in the brush, veered to the right and struck the bank, partly turning over. The plaintiff was thrown forward and was injured by his head striking the windshield. At the time of the accident approximately fifty vehicles traversed the road daily. The curve at the place of the accident was one of twenty-four degrees bearing southerly, with a two hundred forty foot radius, and was on a ten per cent down grade, travelling easterly.

On the above facts it is plain the auditor and the jury could rightly infer that the brush had been cut under the supervision of the tree warden and thrown onto the road between 8 and 10:30 A.M. on December 6, 1933, and they could also find, on the testimony of numerous witnesses, that the brush thus cut remained in the roadway at the time of the accident.

The defendant does not contend that the presence of brush two or three feet high which extended three fourths across a road fifteen to twenty feet wide with a grade of ten per cent and a twenty-four degree curve with a two hundred forty foot radius southerly did not constitute a defect or want of repair in the road, as those words are used in G. L. (Ter. Ed.) c. 84, § 15. Assuming the described condition was a defect or want of repair, the defendant does not contend that such defect or want of repair could not have been remedied by reasonable care and diligence on the part of the defendant had it had reasonable notice of the defect or want of repair. The evidence discloses that the tree warden and those working under him were not agents of the town for whose negligent acts the town is liable. *Donohue* v. *Newburyport*, 211 Mass. 561. Nor did the tree warden's knowledge respecting the disposition of the brush by the Federal employees constitute actual notice of the condition of the roadway to the town. The defendant, however, might be found by the jury to have

had constructive knowledge, in view of all the undisputed facts, particularly the amount of travel over the road and its use as a "short cut" intersecting Southbridge Street, one of the main highways, and Rochdale Street. *Burditt* v. *Winchester*, 205 Mass. 493, 496. *Kelleher* v. *Newburyport*, 227 Mass. 462.

We do not think it rightly could have been ruled that the operator was negligent as a matter of law in not seeing the brush sooner and stopping his automobile before coming in contact with it. *Woods* v. *Boston*, 121 Mass. 337, 338. *Block* v. *Worcester*, 186 Mass. 526.

*Exceptions overruled.*