RAYMOND J. TRUM *vs.* TOWN OF PAXTON & another.

Worcester.    September 23, 1952. — November 14, 1952.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Way*, Public: defect, "poisonous cuttings of brush," road commissioner. *Municipal Corporations*, Highways, Officers and agents. *Public Officer. Negligence*, Public officer, Road commissioner, In cutting brush. *Words*, "Nonfeasance," "Misfeasance."

A defect in a public way within G. L. (Ter. Ed.) c. 84, § 15, was not shown by the presence thereon of "poisonous cuttings of brush" which did not physically obstruct travel, although cows of a traveller on the way died from eating the cuttings. [435–437]
A road commissioner of a town is a public officer. [438]
No cause of action against a road commissioner of a town, a public officer, was stated by a general allegation in a declaration that he negligently caused and allowed to fall upon and remain on a public way "poisonous cuttings of brush" which were eaten by cows of the plaintiff, a traveller on the way, and caused their deaths, without any allegations showing that there was active misfeasance respecting the cuttings by the road commissioner personally or by someone under his personal direction. [437–440]

TORT. Writ in the Superior Court dated July 3, 1951.
The action was heard by *Giles*, J., on demurrer.
*Frederick G. Fisher, Jr.*, for the plaintiff.
*Richard W. Mirick*, for the defendants.

WILLIAMS, J. This is an appeal by the plaintiff from an order of a judge of the Superior Court sustaining a joint demurrer of the defendants to the plaintiff's declaration on the ground that the "matters contained in each count" were insufficient in law to enable the plaintiff to maintain his action. The plaintiff seeks to recover damages for the deaths of twenty cows allegedly caused by the eating of "poisonous cuttings of brush" on a public way in the town of Paxton. In each of the counts against the town, which are numbered 1 to 20, the plaintiff alleges that employees, servants, or agents of the town negligently caused and allowed "poisonous cuttings of brush" to remain on Marshall Street, a public way of the town; that the plaintiff was travelling on the way with a cow designated by a certain registry number; that the cow ate the cuttings and "died therefrom"; that "said cuttings constituted a defect on the highway" which should have been remedied; that the injury could have been prevented by the exercise of reasonable care on the part of the town; and that due notice of the time, place and cause of the damage was given in accordance with G. L. (Ter. Ed.) c. 84, § 18, as appearing in St. 1933, c. 114, § 1; § 19, as amended by St. 1933, c. 114, § 2. In the twenty-first count which is the only count against the defendant Pike it is alleged that he, as road commissioner of the town, negligently caused and allowed "poisonous cuttings of brush" to fall upon and remain on the said public way, which cuttings were eaten by the cows of the plaintiff and caused their deaths.

If the plaintiff has a right of action against the town it arises under G. L. (Ter. Ed.) c. 84, § 15. See *Hill* v. *Boston*, 122 Mass. 344. By § 1 of that chapter the duty is imposed upon the town to keep its ways safe and convenient for public travel. The allegation by the plaintiff that he was a traveller is admitted by the demurrer. It is settled that as a traveller he could lawfully use the town way for the passage of his animals. *Gregory* v. *Adams*, 14 Gray, 242, 248. *Wershba* v. *Lynn*, 324 Mass. 327, 330–331.

The question for decision is whether the poisonous cut-

tings of brush could be found to be a defect in the way for which the town would be liable. It is not alleged that they physically impeded or obstructed travel. The case therefore differs from *Doloian* v. *Auburn*, 292 Mass. 283, where brush was piled on the travelled way, and from *Bowman* v. *Newburyport*, 310 Mass. 478, where piles of leaves were being burned in the gutter. Towns "are not liable for . . . obstructions in portions of the highway not a part of the travelled path, and not so connected with it that they will affect the security or convenience for travel of those using the travelled path." *Smith* v. *Wendell*, 7 Cush. 498, 500. *Kellogg* v. *Northampton*, 4 Gray, 65, 69. *Paine* v. *Brockton*, 138 Mass. 564. *Harwood* v. *Oakham*, 152 Mass. 421, 427. *Felch* v. *West Brookfield*, 184 Mass. 309. *Lynch* v. *Boston*, 186 Mass. 148, 149. Although it has been held that a structure which was not located on the travelled part of the way, but which extended over it and because of its defective condition fell upon the way, can be found to be a defect, *Drake* v. *Lowell*, 13 Met. 292; *Pedrick* v. *Bailey*, 12 Gray, 161; *Day* v. *Milford*, 5 Allen, 98, the court in *Hixon* v. *Lowell*, 13 Gray, 59, where overhanging snow and ice fell upon the street, held that the city was not liable, saying (page 63), "The traveller may be subjected to inconvenience and hazard from various sources, none of which would constitute a 'defect or want of repair' in the way, for which the town would be responsible. . . . He might be obstructed by a concourse of people, by a crowd of carriages; his horses might be frightened by the discharge of guns, the explosion of fireworks, by military music, by the presence of wild animals; his health might be endangered by pestilential vapors, or by the contagion of disease; and these sources of discomfort and danger might be found within the limits of the highway . . . and yet that highway not be, in any legal sense, defective or out of repair. It is obvious that there may be nuisances upon travelled ways, for which there is no remedy against the town." This language was quoted with approval in *Keith* v. *Easton*, 2 Allen, 552, where the town was held not to be liable for injuries to a horse which

had been frightened by a "daguerreotype saloon" standing partly within the limits of the highway but off the travelled way.

The instant case is essentially like those where horses have been frightened by conditions on the highway. It is well settled that in such cases cities and towns are not liable for resulting damage. *Bowes* v. *Boston,* 155 Mass. 344, 350. This is so whether or not the cause of fright was on the travelled part of the way. In *Kingsbury* v. *Dedham,* 13 Allen, 186, 189, it was said that there is no case decided by this court where it has been held that "an object in a highway, or the condition of the surface of a road which is not otherwise a hindrance or obstacle to travellers except that it may by its appearance or shape be the cause of fright in a horse, and over and by which a traveller might have passed with safety but for the fear excited in the animal, can be regarded as a defect or want of repair for which a town is liable." In *Cook* v. *Charlestown,* 98 Mass. 80, a horse was frightened by the body of a dead horse lying on the travelled way which was an obstruction to travel and consequently a defect. There was no contact with this obstruction and the carriage was upset where the way was safe and convenient. In holding that the town was not liable the court said, referring to the obstruction, "It is not its quality as an obstruction which causes the injury complained of, but its quality as an object of terror to the horse" (page 82). Similarly here it was the attractive quality of the cuttings as a food and not their character as an obstruction to travel which caused the injuries to the cows. We think that counts 1 to 20 stated no cause of action against the town and that in respect to those counts the demurrer was properly sustained.

In count 21 it is sought to recover damages from the road commissioner of the town for the death of the twenty cows on the ground that he negligently caused and allowed the cuttings to fall upon and remain on the public way. The election of road commissioners by a town is governed by G. L. (Ter. Ed.) c. 41, § 63. In the following § 64 it is

provided, "they shall exclusively have the powers, perform the duties and be subject to the liabilities and penalties of selectmen and surveyors of highways relative to public ways." Under § 62 a highway surveyor "shall have the exclusive control of the ordinary repair of public ways in his town without being subject to the authority of the selectmen." By G. L. (Ter. Ed.) c. 84, § 7, it is provided that "Surveyors of highways and road commissioners shall remove whatever obstructs the public ways within their respective towns or districts, or endangers, hinders or incommodes persons traveling thereon." Road commissioners are public officers and are not agents or servants of the town. *Clark* v. *Easton*, 146 Mass. 43. *McManus* v. *Weston*, 164 Mass. 263. *Wood* v. *Concord*, 268 Mass. 185, 190. *Shea* v. *Lexington*, 290 Mass. 361.

A public officer, while performing his duties imposed solely for the benefit of the public, is not liable for a mere failure to do that which is required by the statute. His negligence which amounts to nothing more than an omission or nonfeasance creates no liability. *Hill* v. *Boston*, 122 Mass. 344. *Moynihan* v. *Todd*, 188 Mass. 301, 303. Nor is he responsible for the misfeasance of his servants and agents under the doctrine of respondeat superior.

However, he may be liable for a tort of active misfeasance personally committed by him while acting in the discharge of his ministerial duties as such officer, although the municipality may not be liable therefor. *Moynihan* v. *Todd*, 188 Mass. 301. *Barry* v. *Smith*, 191 Mass. 78. *Farrigan* v. *Pevear*, 193 Mass. 147, 150. *Ducey* v. *Brunell*, 250 Mass. 114, 117. *Fulgoni* v. *Johnston*, 302 Mass. 421, 423. While nonfeasance is the omission of an act which a person ought to do, misfeasance is the improper doing of an act which a person might lawfully do. *Bell* v. *Josselyn*, 3 Gray, 309, 311. To create liability the tortious act must be done by the public officer personally or by someone under his personal direction. *Johnson* v. *Somerville*, 195 Mass. 370, 376. See *Coffin* v. *Field*, 7 Cush. 355; *Brigham* v. *Edmands*, 7 Gray, 359; *Nowell* v. *Wright*, 3 Allen, 166; *Wamesit Power Co.* v.

*Allen,* 120 Mass. 352; *Miller* v. *Horton,* 152 Mass. 540; *Farrigan* v. *Pevear,* 193 Mass. 147, 150; *Smith* v. *Gloucester,* 201 Mass. 329, 333; *Stiles* v. *Municipal Council of Lowell,* 233 Mass. 174, 182. In the count in question it is not charged that the road commissioner personally performed any act in relation to the cuttings or that others acted under his personal direction. In view of the peculiar restriction of liability attaching to the official acts of public officers, a general allegation of negligent conduct is not sufficient to state a cause of action. The condition of the roadway could as well have resulted from a general order of the commissioner to clear away the brush made within the scope of his official duty and in the proper exercise of his discretion as from a personal act of misfeasance.

In *Barry* v. *Smith,* 191 Mass. 78, 88, which was an action of tort against members of a board of health for negligent maintenance of a hospital, it was said (page 91), "the plaintiff does not make out a case against the board of health by showing that the hospital was a nuisance and that at the time it was under their control. . . . The plaintiff's offer 'to prove that the defendants had maintained the hospital in a negligent and careless manner, and that their carelessness in this respect made the hospital a nuisance to the plaintiff' did not go far enough to charge the defendants with liability."

In *Burroughs* v. *Rane,* 241 Mass. 1, it was held that the State forester was not liable for damage caused by a fire negligently set on private property by men who had general authority from him to destroy gypsy moths. In a sense he had caused the men to enter on the land of the plaintiff but it was not shown that they worked under his personal direction or received orders from him. In *Skerry* v. *Rich,* 228 Mass. 462, where the chief of a fire department was being driven to a fire by a fireman, his automobile collided with and injured the plaintiff. In the absence of evidence that the driver in operating at excessive speed was acting under the personal direction of the chief, the latter was held not to be liable although inferentially he had ordered the automobile to be driven to the fire.

We think the absence of allegations regarding the personal misfeasance of the commissioner was more than a matter of form. It was a failure to state the substance of the alleged right of action. The clear direct allegation of crucial facts is lacking. See *North Station Wine Co. Inc.* v. *United Liquors, Ltd.* 323 Mass. 48, 51; *Gabriel* v. *Borowy,* 324 Mass. 231, 237; *Sher* v. *Perlman,* 324 Mass. 390.

The demurrer to the twenty-first count was properly sustained.

> *Order sustaining demurrer affirmed.*
> *Judgment for the defendants.*