Municipal Court of the
City of Boston
No. 127117
**WILLIAM R. GALVIN**
v.
**FREDERICK R. SULLIVAN**

Argued:————1966    Decided:————1966.

*Present:* Shamon, J. (Presiding), Morrissey,
Glynn, J.J.

Case tried to *Canavan, J.*

Glynn, J.   This is an action of tort for prop-
erty damage against Frederick R. Sullivan,
Sheriff of Suffolk County, for damage to the
plaintiff's automobile.

*The evidence showed that* the plaintiff parked
his car outside the Suffolk County Jail. The
plaintiff observed inmates, under the super-
vision of a guard, painting a fence on the wall
directly over the plaintiff's car. The plaintiff's
car was spattered with aluminum paint, as were
other cars in the immediate area, the same type
of paint that was applied to the fence.

The plaintiff's attorney introduced answers

of the defendant Sullivan to the plaintiff's interrogatories. In answer to interrogatory #3 and Interrogatory #4 the defendant stated that the fence was being painted aluminum on the date in issue, by inmates. In answer to Interrogatory #12 the defendant answered affirmatively to the interrogatory which was, "Please state if on or about October 9, 1963 you, your agents, servants, or employees were painting any fence or fences on the prison grounds." In answer to Interrogatory #9 the defendant denied any paint was dropped on any vehicle.

At the close of the evidence the defendant's attorney made the request for the following ruling:

"1. A finding for the plaintiff is not warranted for the reason that there is no liability on the Sheriff for the conduct of those painting the fence." This request was denied.

The court made a finding for the plaintiff and assessed damages at the amount of $100 as agreed upon by the parties.

To create liability the act complained of must be done by the public officer personally or by someone under his personal direction. *Johnson* v. *Somerville,* 195 Mass. 370; *Trum* v. *Paxton,* 329 Mass. 434.

There is sufficient evidence of negligence in the case at bar.

Furthermore, the pleadings alleged the tor-

tious act of the defendants, servants or employees.

The answer to Interrogatory #12 warranted the trial judge in finding an act of misfeasance on the part of the defendant Sullivan, or persons acting under his direct control. The court was warranted in finding that the defendant was personally negligent in not taking the proper precautions for the safety and protection of persons and property in the immediate area. *Moynihan* v. *Todd,* 188 Mass. 301.

**Report dismissed.**

JOHN W. BUNKER, of Boston
  *for the Plaintiff*
RICHARD J. TOBIN, of Boston
  *for the Defendant* ·