**Frederick LOWENSTEIN, Plaintiff,**

v.

**Richard E. McLAUGHLIN, Defendant.**

**Civ. A. No. 68–485.**

United States District Court
D. Massachusetts.

Feb. 4, 1969.

Frederick Lowenstein, pro se.

Samuel W. Gaffer, Asst. Atty. Gen., Dept. of the Attorney General, Boston, Mass., for defendant.

OPINION

CAFFREY, District Judge.

This is a civil action which might be characterized as multi-faceted, sounding in part in tort, in part in alleged deprivation of civil rights, in part in alleged deprivation of constitutional rights, in part in prayers for declaratory relief, and in part in prayers for injunctive relief. Jurisdiction of this court is invoked on the basis of 42 U.S.C.A. §§ 1983 and 1988, 28 U.S.C.A. §§ 2281 and 2284, various sections of the United States Constitution, 43 Edward 3, etc. Plaintiff requests the convention of a statutory three-judge district court, upon the basis of his assertion that Mass. G.L. ch. 90, sec. 24(2) (b), violates the due process clause of the Fifth and Fourteenth Amendments of the Constitution. He also, among other things, moves for a declaratory judgment, for $2,500 compensatory damages, for exemplary and punitive damages, for mandatory issuance of a new free driver's license, for mandatory injunctions directing defendant to file with the Clerk of this court the entire record compiled by the Registry of Motor Vehicles about this matter, to file all computer data relative to this matter assembled by the Registry, for a mandatory order directing substantial revisions in internal administrative procedures of the Registry in many enumerated ways, for injunctive relief against vindictive action on the part of the Registrar toward plain-

tiff in the future, for fees in lieu of counsel fees, for a declaration that his civil, constitutional, and common law property rights have been impinged upon by the defendant, and for sundry other relief. Plaintiff has, at least on two occasions, specifically moved in writing for a determination of this matter without a trial, and the defendant has filed motions for dismissal and for summary judgment.

On the basis of the plethora of papers presently infesting this file, it appears without contradiction that plaintiff was the owner-operator of a motor vehicle which was involved in a property damage accident in Arlington, Massachusetts, on October 25, 1966. Thereafter he was charged by representatives of the Arlington Police Department with a violation of Mass. G.L. ch. 90, sec. 24, "going away after causing injury to the property of another." Plaintiff was found guilty in the Third District Court of Eastern Middlesex on December 12, 1966 and was fined $75.00. Thereafter he duly took an appeal to the Superior Court of Middlesex County and a jury returned a not guilty verdict in that court on May 5, 1967. An affidavit filed by the Registrar establishes that notice from the district court of plaintiff's conviction in December 1966 was not received by the Registry of Motor Vehicles until May 9, 1967 (this, of course, being some four days subsequent to his acquittal in Superior Court). Thereafter, although the cause therefor is not clearly shown on the record, about four weeks elapsed prior to the Registry's notifying plaintiff, on June 8, 1967, to surrender his license because of the district court conviction, as provided, and indeed made mandatory upon, the Registry, by the provisions of Mass. G.L. ch. 90, sec. 24(2) (b). Upon receipt of this notice plaintiff proceeded in high dudgeon to a Registry of Motor Vehicles office and under protest surrendered his license after orally advising a Registry employee of the fact of his acquittal. He also presented a certified copy of the acquittal to the Registry official who insisted on a surrender of his license until the Registry verified the fact of his acquittal by its own check with the Middlesex Superior Court. After a delay of some one or two hours plaintiff's license was returned to him, although a rubber date stamp followed by the letter "R" was placed on his license which plaintiff alleges made it a "damaged" license.

While the litany of complaints and allegations and claims for varied and sundry relief set out in the welter of paper filed herein by plaintiff might be analyzed and set out in detail, suffice it to say that so much of this complaint as sounds in tort fails to state a cause of action against the Registrar. Trum v. Town of Paxton, 329 Mass. 434, 438, 109 N.E.2d 116, 118 (1952), where the Supreme Judicial Court observed:

"A public officer, while performing his duties imposed solely for the benefit of the public, is not liable for a mere failure to do that which is required by the statute. His negligence which amounts to nothing more than an omission or nonfeasance creates no liability. Hill v. City of Boston, 122 Mass. 344; Moynihan v. Todd, 188 Mass. 301, 303, 74 N.E. 367. Nor is he responsible for the misfeasance of his servants and agents under the doctrine of respondeat superior."

The affidavit of defendant that he had no personal knowledge of this affair until after suit was filed in this court stands unchallenged herein. So much of this case as sounds in violation of civil or constitutional rights fails for lack of proof against the Registrar or Registry, since plaintiff himself concedes that the five-month delay until after his acquittal stemmed from the failure of the district court to seasonably notify the Registry. Not every inconvenience which members of the public must perforce suffer due to the size and complexity of Government is *ipso facto* either a violation of civil or constitutional rights. Indeed, had the letter of the law been observed in the instant case plaintiff's license would have been suspended from about

**640**

December 14, 1966 through May 5, 1967, and the fact that a red tape boondoggle of some sort delayed his suspension until after the fact of his acquittal creates no cause of action against a Registrar who had no personal knowledge of or participation in any of the foregoing. The inconvenience which plaintiff experienced for not more than two hours on June 9, 1967 presents a classic situation for the application of the ancient legal maxim *de minimis non curat lex*.

The defendant's motion for summary judgment is allowed. Judgment accordingly.