Lawrence PETRICCA, Plaintiff,

v.

CITY OF GARDNER and Charles J. Manca, Dennis Comee, Michael J. Moore, Daniel T. Rajecki and James E. Coppola, Individually and in their Official Capacities, and John Does One through Twenty, Defendants.

No. CIV.A.00–40139–NMG.

United States District Court, D. Massachusetts.

March 21, 2002.

Lawrence Petricca, Milford, NH, pro se.

Joseph L. Tehan, Jr., Kopelman & Paige, P.C., Katharine I. Goree, Kopelman & Paige, Boston, MA, William F. Quinn, Tinti, Quinn & Savoy, Salem, MA, Judith O. Trufant, Coppola & Coppola, Marblehead, MA, for Defendants.

## MEMORANDUM AND ORDER

GORTON, District Judge.

Following the foreclosure sales of several of his properties in Gardner, Massachusetts, Plaintiff Lawrence Petricca ("Petricca") brought this action *pro se* against the City of Gardner and several City officials alleging violation of his civil rights, negligence, breach of the covenant of good faith and fair dealing, misfeasance, interference with business [relations], malicious abuse of the legal process and malicious prosecution.

Pending before the Court are 1) a motion of the individual defendants for judgment on the pleadings with respect to plaintiff's claims for negligence, misfeasance and breach of the duty of good faith and fair dealing (Counts II, III and IV,

respectively) and 2) a motion of the City of Gardner for judgment on the pleadings with respect to plaintiff's claims for misfeasance, breach of the duty of good faith and fair dealing, interference with business relations, malicious abuse of process and malicious prosecution (Counts III, IV, V, VI and VII respectively).[1]

## I. Background

For purposes of this motion for judgment on the pleadings, the facts are stated as alleged by the plaintiff.

Plaintiff, a resident of New Hampshire, owned six mortgaged properties at the following locations in Gardner: 183 Connors Street, 284 Pleasant Street, 37–41 West Broadway, 57–67 Parker Street, 94 Pleasant Street and 35–39 Graham Street. The properties were subject to separate foreclosures by their respective mortgagees, New England Mortgage Company, Nomura Asset Capital Corporation, Boston Five Cent Savings Bank (West Broadway and Parker Street properties) and the Federal Deposit Insurance Corporation (94 Pleasant Street and Graham Street Properties). Plaintiff filed separate lawsuits against each mortgagee in Worcester Superior Court and published legal notices of lis pendens.

Gardner police officers appeared at the foreclosure sale of each property and "interfered" with plaintiff's rights to oppose those foreclosures. The plaintiff was not allowed to distribute information packets in reference to the actions pending in Worcester Superior Court and the police officers threatened to arrest the plaintiff and his agents if they attempted to exercise their rights. The representatives of each mortgage company subsequently recorded false and deceptive statements of

---

1. Defendants have not moved to dismiss Count I of plaintiff's complaint which alleges

violation of his civil rights.

"peaceful, open and unopposed entries" to the properties at the Worcester Registry of Deeds.

During the foreclosure sale of the property on Parker Street, a member of the Gardner Fire Department pulled the fire alarm in the building to make it appear as though there was a fire and to enable agents of the Boston Five Cents Savings Bank to enter the building. The agents proceeded to break and enter into approximately 40 apartments.

Michael Moore, Health Agent for the Board of Health of the City of Gardner ("Moore"), filed false affidavits with the Worcester Housing Court to obtain illegal search warrants to gain entry to the basements of two of plaintiff's properties. The false affidavits were used to initiate a series of court actions against the plaintiff with respect to the Connors Street property.

Daniel T. Rajecki, Sanitary Agent for the Board of Health ("Rajecki"), "manufactured" several health code violations at the plaintiff's building at 284 Pleasant Street in an effort to harass the plaintiff. Rajecki first claimed there was no heat in an apartment in the building, then claimed there was too much heat and thereafter denied the plaintiff an occupancy permit.

Members of the Gardner Police Department harassed the landlord and manager of the building on Parker Street on several occasions.[2] On one occasion, a tenant called the Police Department to report a noise disturbance. When the police officers arrived, they instructed the complaining tenant to sue the landlord and thereafter failed to terminate the disturbance. When the plaintiff's agents insisted that the officer do his job, the officer threatened to arrest them.

On another occasion, a tenant at 57–67 Parker Street called the Gardner Police Department regarding a disturbance. When the police officer arrived, he was told that the tenant had misplaced his keys and was attempting to locate the landlord to obtain a spare key. The police officer refused to wait and instructed the fire department to break down the door to the tenant's apartment.

On another occasion, the manager of the building at 57–67 Parker Street called the Police Department to report that his car was being vandalized. While waiting for the police to arrive, the manager was assaulted by the vandal. When the police officer arrived, he assisted the vandal in preparing a complaint against the manager. The plaintiff was forced to incur the expenses of defending the lawsuit.

At the building at 94 Pleasant Street, an agent of the plaintiff requested a nonresident to leave the property for disturbing the peace. That individual complained to the Police Department who, in turn, assisted that individual in continuously harassing the plaintiffs and his agents.

The City of Gardner, former Mayor Charles J. Manca ("Manca"), City Assessor Dennis Comee ("Comee"), City Attorney James E. Coppola ("Coppola") and others filed bogus complaints in the Boston Land Court in connection with a tax lien on the property at 94 Pleasant Street. In those complaints, those parties made false and libelous claims against the plaintiff who received neither a demand for payment of taxes nor notice of the lien.

On December 17, 1996, Rajecki filed in Worcester Housing Court a perjured affidavit in support of two criminal complaints against the plaintiff. The complaints were

---

**2.** It is not clear from the complaint whether plaintiff is also the manager and/or landlord of his apartment buildings.

filed with malicious intent to cause injury to the plaintiff.

On November 9, 2000 plaintiff filed a seven-count complaint in this Court against the City of Gardner, Manca, Comee, Moore, Rajecki, Coppola and several unnamed defendants.

## II. *Analysis*

■ A motion for judgment on the pleadings under Fed.R.Civ.P. 12(c) "tests the legal sufficiency of the complaint, not the likelihood of plaintiff's ultimate success." *Furtick, et al. v. Medford Housing Authority, et al.,* 963 F.Supp. 64, 67 (D.Mass.1997). The standard for evaluating a motion for judgment on the pleadings is "essentially the same as the standard for evaluating a Rule 12(b)(6) motion." *Id.* (quoting *Metromedia Steakhouses Co. v. Resco Management, Inc.,* 168 B.R. 483, 485 (D.N.H.1994).

■ A motion for judgment on the pleadings may be granted only if it appears, beyond doubt, that the plaintiff can prove no facts in support of his claim that entitles him to relief. *See Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Santiago de Castro v. Medina,* 943 F.2d 129, 130 (1st Cir.1991). The Court must accept all factual averments in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *See Garita Hotel Ltd. Partnership v. Ponce Fed. Bank, F.S.B.,* 958 F.2d 15, 17 (1st Cir.1992); *Medina,* 943 F.2d at 130.

### A. Motion by the Individual Defendants for Judgment on the Pleadings

Defendants Manca, Comee, Moore and Rajecki (collectively "the Individual Defendants") move for judgment on the pleadings with respect to plaintiff's claims for negligence, misfeasance and breach of the duty of good faith and fair dealing on the grounds that 1) they are immune from personal liability under the Massachusetts Tort Claims Act ("MTCA") and 2) they cannot be liable for breach of the covenant of good faith and fair dealing because no contract exists between any of them and the plaintiff.

■ Under the MTCA, public employees are immune from personal liability for negligence, wrongful acts or omissions while acting within the scope of their employment. M.G.L. c. 258 § 2 (1978); *McNamara v. Honeyman, et al.,* 406 Mass. 43, 46, 546 N.E.2d 139 (1989); *Taplin v. Town of Chatham, et al.,* 390 Mass. 1, 2, 453 N.E.2d 421 (1983). Plaintiff does not allege that the Individual Defendants were acting in any capacity other than their capacities as public employees of the City of Gardner. Because the alleged negligence of the Individual Defendants occurred while they were acting within the scope of their employment, the motion for judgment on the pleadings with respect to the negligence claim against them individually (Count II) will be allowed. M.G.L. c. 258 § 2; *Gross v. Bohn, et al.,* 782 F.Supp. 173, 182 (D.Mass.1991).

■ The Individual Defendants also argue that they are entitled to judgment on the pleadings with respect to the misfeasance claim because misfeasance is a kind of negligence. According to the Individual Defendants they are, therefore, entitled to immunity under M.G.L. c. 258 § 2. Misfeasance is a kind of negligence defined as "the improper doing of an act which a person might lawfully do." *Mattingly v. Casey,* 24 Mass.App.Ct. 452, 456, 509 N.E.2d 1220 (1987) (quoting *Trum v. Paxton,* 329 Mass. 434, 438–39, 109 N.E.2d 116 (1952)); Restatement (Second) of Torts § 304 (1965) (describing the categories of negligence).

Before the enactment of the MTCA, the purpose of which was to waive the immunity of the Commonwealth and its munici-

palities from suit, public employees were liable for misfeasance but not for nonfeasance.[3] *Whitney v. City of Worcester*, 373 Mass. 208, 220–21, 366 N.E.2d 1210 (1977). The MTCA abolished the distinction between misfeasance and nonfeasance and immunizes public employees from liability for "negligence, wrongful acts or omissions" committed while acting within the scope of their employment. M.G.L. c. 258 § 2; *Irwin, et al. v. Town of Ware*, 392 Mass. 745, 769 n. 10, 467 N.E.2d 1292 (1984).

■ In his claim for misfeasance, the plaintiff alleges that the Individual Defendants "while in the course of their employment, improperly performed their duties." His claim for misfeasance is essentially a claim for negligence and falls squarely within M.G.L. c. 258 § 2 which immunizes public employees from personal liability. The Individual Defendants are, consequently, entitled to judgment on the pleadings with respect to plaintiff's misfeasance claim against them as individuals (Count III). Accordingly, with respect to Defendant City of Gardner, the claim for misfeasance (Count III) is duplicative of the negligence claim and will be dismissed.

■ The Individual Defendants and Defendant City of Gardner argue that the plaintiff's claim for breach of the duty of good faith and fair dealing also fails as a matter of law. A breach of the covenant of good faith and fair dealing exists only where there is an enforceable contract between the parties. *Bateman v. Federal Deposit Insurance Corp.*, 112 F.Supp.2d 89, 97 (D.Mass.2000). Because the plaintiff has failed to allege or identify any enforceable contract between him and the Individual Defendants or the City of Gardner, the Individual Defendants and the

City of Gardner are entitled to judgment on the pleadings with respect to that claim (Count IV).

**B. Motion by Defendant City of Gardner for Judgment on the Pleadings**

■ The Defendant City of Gardner moves for judgment on the pleadings with respect to plaintiff's claims for interference with business relations, malicious abuse of the legal process and malicious prosecution on the grounds that municipalities are exempt from liability for the intentional torts of their employees.

The MTCA does not waive municipal immunity with respect to:

> any claim arising out of any intentional tort, including assault, battery, false imprisonment, false arrest, intentional mental distress, malicious prosecution, malicious abuse of process, libel, slander, misrepresentation, deceit, invasion of privacy, interference with advantageous relations or interference with contractual relations.

M.G.L. c. 258 § 10(c)(1978); *Canty v. Old Rochester Regional School District, et al.*, 54 F.Supp.2d 66, 71 (D.Mass.1999). Accordingly, the Defendant City of Gardner is entitled to judgment on the pleadings on plaintiff's claims for interference with business relations, malicious abuse of process and malicious prosecution (Counts V, VI and VII respectively).

**ORDER**

For the reasons set forth in the Memorandum above, the motion of defendants Charles J. Manca, Dennis Comee, Michael J. Moore and Daniel T. Rajecki for judgment on the pleadings (Docket No. 69) is ALLOWED and the motion of defendant

---

**3.** Nonfeasance is the failure to do that which one ought to do. *Whitney*, 373 Mass. at 220, 366 N.E.2d 1210.

City of Gardner for judgment on the pleadings (Docket No. 67) is ALLOWED. Plaintiff's request for oral argument (Docket No. 76) is DENIED.

So ordered.