**Steven PASDON, Plaintiff,**

**v.**

**CITY OF PEABODY, Sgt. Sheila McDaid, in her professional and personal capacities, Chief Robert Champagne, in his professional and personal capacities, Defendants.**

**No. 03 CV 11925–RCL.**

United States District Court,
D. Massachusetts.

Aug. 23, 2004.

Mary Ellen Manning, Attorney Mary-Ellen Manning, Peabody, MA, for Steven Pasdon, Plaintiff.

Katharine Goree Doyle, Kopelman & Paige, PC, Boston, MA, for City of Peabody, Robert Champagne, Sheila McDaid, Defendants.

Douglas I. Louison, Merrick, Louison & Costello, Boston, MA, for Sheila McDaid, Defendant.

Stephen C. Pfaff, Merrick, Louison & Costello, Boston, MA, for Sheila McDaid, Defendant.

Michael T. Smerczynski, Smerczynski & Conn, Peabody, MA, for Robert Champagne, Defendant.

Joseph L. Tehan, Jr., Kopelman & Paige, PC, Boston, MA, for City of Pea-

body, Robert Champagne, Sheila McDaid, Defendants.

*MEMORANDUM AND ORDER ON DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AND PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT*

LINDSAY, District Judge.

The plaintiff, Steven Pasdon ("Pasdon" or the "plaintiff"), filed this § 1983 action in the Essex (Massachusetts) Superior r Court on September 8, 2003, alleging in three counts that the defendants had violated his Fifth, Sixth, Seventh, and Fourteenth Amendment rights during the investigation and prosecution of an alleged violation of a restraining order. The case was removed to this court by the defendants on September 30, 2003. Before the court are the defendants' motion for judgment on the pleadings and the plaintiff's motion for leave to file a supplemental complaint in light of events that occurred subsequent to the filing of the original complaint.

As alleged in the original complaint, the facts of this case are very simple. The original complaint alleges (1) that defendant Sheila McDaid, an officer of the Peabody Police Department ("PPD"), questioned Pasdon on September 4, 2003, about an alleged violation of a restraining order, without reading him his *Miranda* [1] rights or informing him that a criminal complaint had been issued against him by the Peabody District Court earlier that day; and (2) that, on September 5, 2003, the PPD released the substance of a police report containing the criminal allegations to a local reporter, who published that information the next day. The original complaint also alleges that each of these actions was taken with the approval or authorization of defendant Robert Champagne, Chief of the PPD.

"The standard for evaluating a [Rule 12(c) ] motion for judgment on the pleadings is 'essentially the same as the standard for evaluating a Rule 12(b)(6) motion.' " *Petricca v. City of Gardner,* 194 F.Supp.2d 1, 4 (D.Mass.2002) (quoting *Furtick, et al. v. Medford Housing Authority, et al.,* 963 F.Supp. 64, 67 (D.Mass. 1997)). "[T]he trial court must accept all of the nonmovant's well-pleaded factual averments as true, and draw all reasonable inferences in his favor." *Rivera–Gomez v. de Castro,* 843 F.2d 631, 635 (1st Cir.1988) (citations omitted). A Rule 12(c) motion should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which [sic] would entitle him to relief." *Id.* (citations omitted).

In count one, Pasdon alleges that McDaid violated his Fifth and Sixth Amendment rights when she questioned him after a criminal complaint had been issued against him without reading him his *Miranda* rights or telling him about the complaint.[2] Pasdon's claims betray a fundamental misunderstanding of the role of prophylactic rules in the preservation of core Fifth and Sixth Amendment fair trial rights. The *Miranda* exclusionary rule is "a prophylactic measure [designed] to prevent violations of the right protected by the text of the Self–Incrimination Clause—the admission into evidence in criminal case[s] of confessions obtained through coercive custodial questioning." *Chavez v.*

1. *See Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

2. The original complaint also contains allegations that Pasdon's Seventh Amendment rights were violated, but this claim has since been withdrawn. *See* Opp'n to Defs.' Mot. for J. on the Pleadings, Docket No. 31 at 4 n. 1.

*Martinez,* 538 U.S. 760, 772, 123 S.Ct. 1994, 155 L.Ed.2d 984 (2003). *Miranda* warnings are "not themselves rights protected by the Constitution but [are] instead measures to insure that the right against compulsory self-incrimination [is] protected." *Michigan v. Tucker,* 417 U.S. 433, 444, 94 S.Ct. 2357, 41 L.Ed.2d 182 (1974), *quoted in Oregon v. Elstad,* 470 U.S. 298, 305, 105 S.Ct. 1285, 84 L.Ed.2d 222 (1985). "Rules designed to safeguard a constitutional right, however, do not extend the scope of the constitutional right itself, just as violations of judicially crafted prophylactic rules do not violate the constitutional rights of any person." *Chavez,* 538 U.S. at 772, 123 S.Ct. 1994. There is thus no § 1983 remedy for the failure of McDaid to advise the plaintiff of his *Miranda* rights. *Id.; see also Neighbour v. Covert,* 68 F.3d 1508, 1510–11 (2d Cir.1995) ("[E]ven if we were to assume that Neighbour's *Miranda* rights had been violated, that violation, standing alone, would not form a basis for liability under § 1983."). Rather, the remedy for a *Miranda* violation is the exclusion at trial of any statements made without the benefit of the warnings. *See Chavez,* 538 U.S. at 771–72, 123 S.Ct. 1994. Pasdon has not alleged that any statements made by him in response to McDaid's questioning were used against him at a criminal trial.[3]

Similarly, there is no constitutional right to counsel unless one has been actually imprisoned without the benefit of legal representation. *Bleicken v. Perkins,* 14 F.3d 44 (1st Cir.1993) (per curiam) (citing *Scott v. Illinois,* 440 U.S. 367, 373–74, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979) ("Actual imprisonment" is the "line defining the constitutional right to appointment of counsel.")).[4] Pasdon has not alleged that he was actually imprisoned.

In count two, Pasdon alleges that defendants Champagne and the City of Peabody violated his Fifth and Sixth Amendment rights by releasing information protected by the Criminal Offender Record Information statute ("CORI"). *See* Mass. Gen. L. ch. 6 §§ 167–178B. Assuming, without deciding, that CORI protects police reports from disclosure to the press, I hold that such disclosure does not implicate Pasdon's rights under either the Fifth or Sixth Amendment because, as noted earlier, Pasdon has not alleged that he made any statements to the police that were used against him in criminal proceedings or that he was actually imprisoned without being permitted to consult legal counsel.

In count three, Pasdon alleges that defendants Champagne and the City of Peabody deprived him of his reputation without due process of law by publicly disclosing false criminal charges. Pasdon's defamation claim is not cognizable under the Constitution. "It is beyond cavil that 'defamation, even from the lips of a government actor, does not in and of itself transgress constitutionally assured rights.'" *Wojcik v. Massachusetts State Lottery Comm'n,* 300 F.3d 92, 102 (1st Cir.2002) (quoting *Pendleton v. Haverhill,* 156 F.3d 57, 62–63 (1st Cir.1998)). Pasdon has not alleged that he suffered any change in legal status as a result of any alleged defamatory statements made by

3. Indeed, Pasdon has not alleged that he made any statements at all, which further vitiates his claim. *See Mahan v. Plymouth County House of Corrections,* 64 F.3d 14, 17 (1st Cir.1995).

4. The First Circuit's opinion in *Bleicken* is unpublished and is therefore not binding upon this court. Nevertheless, I cite it here (following the guidance of the First Circuit Local Rules) because I find its reasoning persuasive and can find no published First Circuit opinion that adequately addresses the issue. *See* Local Rules of the Court of Appeals for the First Circuit 32.3(A)(2).

government officials. *See id.* at 103 (noting that "the stigmatizing statements must have been made in conjunction with an alteration of the employee's legal status, such as the termination of his employment"). Thus, Pasdon's "interest in reputation is simply one of a number which the State may protect against injury by virtue of its tort law .... And any harm or injury to that interest, even where as here [allegedly] inflicted by an officer of the State, does not result in a deprivation of any 'liberty' or 'property' recognized by state or federal law ..." *See Paul v. Davis,* 424 U.S. 693, 712, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976).

For the reasons stated above, the defendants' motion for judgment on the pleadings is GRANTED as to all counts in the original complaint. All the federal claims in this case having been dismissed, I see no reason to entertain the state claims propounded by the plaintiff's proposed supplemental complaint. *See generally United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). The plaintiff's motion for leave to file a supplemental complaint is DENIED.

IT IS SO ORDERED.