DAVID B. TAPLIN, administrator, *vs.* TOWN OF CHATHAM
& others.[1]

Barnstable. April 7, 1983. — August 18, 1983.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, NOLAN, & O'CONNOR, JJ.

*Negligence,* Imputed, Medical technician. *Municipal Corporations,* Liability in tort. *Statute,* Construction.

A town was not immune by virtue of G. L. c. 111C, § 14, or at common law, from liability for the alleged negligence of two of its employees acting in their capacity as emergency medical technicians. [3-5]

CIVIL ACTION commenced in the Superior Court Department on January 13, 1982.

A motion to dismiss was heard by *Keating, J.*

After review was sought in the Appeals Court, the Supreme Judicial Court ordered direct appellate review on its own initiative.

*Michael D. Ford* for the plaintiff.
*Sidney W. Adler* for the defendants.

WILKINS, J. This personal injury action against the town of Chatham and two town employees is based on a claim

---

[1] Dennis Barrett and John Scherer.

that the negligence of the individual defendants caused the conscious suffering and death of Richard J. Taplin, the plaintiff's intestate. A judge in the Superior Court allowed the defendants' motion to dismiss. Because the judge received affidavits in connection with that motion, the motion properly should have been treated as a motion for summary judgment. Mass. R. Civ. P. 12 (b), 365 Mass. 754 (1974). See *White* v. *Peabody Constr. Co.*, 386 Mass. 121, 126-127 (1982). We conclude that the action was properly dismissed as to the individual defendants but not as to the town.

The individual defendants were emergency medical technicians certified under G. L. c. 111C and were members of the Chatham rescue squad on duty on July 8, 1979. As part of their duties as town employees, they responded that night to an emergency call involving Richard Taplin. They took Taplin from the scene of his injury to a private home in Chatham. The complaint alleges that the individual defendants were negligent in not taking Taplin to a hospital and that, on the following day, Taplin was admitted to a hospital where he underwent emergency brain surgery and died on July 12, 1979.

The uncontroverted affidavit of each individual defendant states that he was acting at all times in his capacity as an emergency medical technician for the town rescue squad. Under the Massachusetts Tort Claims Act (G. L. c. 258, § 2, as appearing in St. 1978, c. 512, § 15), a public employee is not liable for "personal injury or death caused by his negligent or wrongful act or omission while acting within the scope of his office or employment." The public employer, however, is liable for such an injury or death as if it were a private individual, subject to certain limitations. G. L. c. 258, § 2. Consequently, judgment was properly entered dismissing the action against the municipal employee defendants.[2]

---

[2] General Laws c. 258, § 2, provides that the failure of an employee reasonably to cooperate in the defense of an action will cause him to be jointly liable with the public employer to the extent his noncooperation

The town argues that it, as employer, is entitled to the immunity from liability granted to emergency medical technicians by G. L. c. 111C, § 14.[3] Section 14 provides that an emergency medical technician certified under G. L. c. 111C, who in the performance of his duties and in good faith, renders emergency first aid or transportation to an injured person shall not be personally liable as a result of rendering aid or transporting such person to a safe place. We assume without deciding that, on the facts set forth in the affidavits of the individual defendants, they would be immune from liability under § 14 as well as under the Massachusetts Tort Claims Act. The question is whether § 14 not only provides immunity to these agents but also grants immunity to the principal, the town.

We conclude that neither § 14 nor common law principles extend immunity from liability to the employer of an emergency medical technician who is immune from liability. The language of § 14 suggests this result by focusing on the employee who shall not "be personally in any way liable." The statutory language does not, however, clearly resolve the issue. Two circumstances strongly support our conclusion.

First, the rule in this Commonwealth and the rule more commonly adopted across the country is that an agent's immunity does not extend to a principal against whom liability is sought under the doctrine of respondeat superior. See

---

prejudiced the defense. We regard this language to be concerned with the relationship of the employer and the employee and not as a bar to dismissal of an action against an employee, subject, however, to the employer's rights against any employee who does not reasonably cooperate.

[3] General Laws c. 111C, § 14, inserted by St. 1977, c. 649, states: "No emergency medical technician certified under the provisions of this chapter and no police officer or firefighter, who in the performance of his duties and in good faith renders emergency first aid or transportation to an injured person or to a person incapacitated by illness shall be personally in any way liable as a result of rendering such aid or as a result of. transporting such person to a hospital or other safe place, nor shall he be liable to a hospital for its expenses if, under emergency conditions, he causes the admission of such person to said hospital."

*O'Connor* v. *Benson Coal Co.*, 301 Mass. 145, 147 (1938) (intrafamily immunity did not protect negligent family member's employer from liability); *Pittsley* v. *David*, 298 Mass. 552, 553 (1937) (same); *Raynor* v. *Arcata*, 11 Cal. 2d 113, 121 (1938) (statutory immunity of municipal employee did not free city from liability); *Maynard* v. *Madison*, 101 Wis. 2d 273, 283 (1981) (same); Restatement (Second) of Agency § 217 (b) (1958). A statute which is silent on the subject of the principal's immunity but grants immunity to the agent would be expected to have no effect on the established common law.

Second, the legislative history of § 14 shows that the Legislature did not intend to extend immunity to an employer whose employee had been granted § 14 immunity. On September 27, 1977, the Governor returned to the General Court with comments 1977 House Bill No. 6143, which contained a proposed § 14 for G. L. c. 111C. 1977 House Doc. No. 6602.[4] The Governor stated that "the bill should clearly indicate that the exemption from liability applies only to the individual policeman, fireman, or technician, and not to his employer, so that injured persons will not be denied any recourse against any other party that would otherwise be available." The Governor recommended in this regard that the words "civilly or criminally" in House No. 6143 be deleted and the words "personally in any way" be substituted. The House and Senate made the suggested changes and the bill was enacted as thus amended. 1977 House Journal 1957-1958; *id.* 2011-2012; 1977 Senate Journal 1550, 1559-1560. See St. 1977, c. 649. It is appropriate in construing an ambiguous statute to look to its legislative

---

[4] Section 14 as submitted to the Governor read as follows:

"No emergency medical technician certified under the provisions of this chapter and no police officer or firefighter, who in good faith renders emergency first aid or transportation to an injured person or to a person incapacitated by illness shall be civilly or criminally liable as a result of rendering such aid or as a result of transporting such person to a hospital or other safe place, nor shall he be liable to a hospital for its expenses if, under emergency conditions, he causes the admission of such person to said hospital."

history, including formal communications from the Governor to the General Court in returning bills submitted to him for action. See *Treasurer & Receiver Gen.* v. *John Hancock Mut. Life Ins. Co.*, 388 Mass. 410, 423 (1983); *Boston* v. *Massachusetts Bay Transp. Auth.*, 373 Mass. 819, 826 n.9 (1977). We regard the changes made by the Legislature after the Governor returned the bill as showing conclusively that the Legislature did not intend to extend immunity to the employer of a person granted immunity under G. L. c. 111C, § 14. Therefore, the common law rule that a principal does not obtain the benefit of an agent's immunity applies and, because the town is not immune from liability (G. L. c. 258) on any ground shown on the record, the action against the town should not have been dismissed.

The judgment dismissing the action against the individual defendants is affirmed. The judgment dismissing the action against the town of Chatham is reversed.

*So ordered.*