**Anthony RIVERA, PPA, and Rosa Mercado, Plaintiffs,**

v.

**COMMONWEALTH OF MASSACHUSETTS, et al., Defendants.**

No. CIV. A. 97–12236–DPW.

United States District Court, D. Massachusetts.

July 30, 1998.

Willie J. Davis, Davis, Robinson & White, Boston, MA, for Plaintiff.

Rosa Kim, Attorney General's Office, Andrea W. McCarthy, Boston, MA, for Defendants.

*MEMORANDUM AND ORDER*

WOODLOCK, District Judge.

In this case, a fourteen-year-old boy and his mother seek recovery from the Commonwealth of Massachusetts, the City of Boston, and individual officers for alleged negligence in the issuance and execution of an arrest warrant for the boy. The Massachusetts Tort Claims Act does not permit an action for negligence against an individual public employee. The action may proceed instead against the public employer. In this connection, however, I find the Commonwealth has not waived its Eleventh Amendment immunity from litigation of this matter in the federal court under its state tort claims regime. Accordingly, after dismissing the state-law negligence claims against the individual state employee defendant, who is not a proper party under the Commonwealth's tort claims scheme, I will remand the state-law negligence claims against the Commonwealth to the Massachusetts Superior Court. *See generally Wisconsin Dep't of Corrections v. Schacht,* — U.S. —, 118 S.Ct. 2047, 141 L.Ed.2d 364 (1998).

## I. BACKGROUND

This action was brought in Suffolk Superior Court by Rosa Mercado, individually and as next friend of Anthony Rivera, her minor son, against the Commonwealth of Massachusetts and one unknown employee of the Dorchester District Court (collectively, the "Commonwealth Defendants"), and against the City of Boston and two unknown Boston police officers (collectively, the "City Defendants"). The complaint alleges that in January 1997, the court employee negligently issued a warrant for the arrest of Rivera, then twelve years old, rather than for the arrest of a twenty-six-year-old man who had failed to appear in court. (Compl.¶¶ 10–12.) In addition, the complaint alleges that the police officers negligently executed the warrant, and that in so doing they used excessive force and conducted an illegal search of Rivera's school locker. (*Id.* ¶¶ 13–17.) The complaint asserts claims against each of the five defendants for negligence (Counts I–V), claims against the City Defendants for "deprivation of personal liberty" (Counts VI–VIII), and claims against the police officers for civil rights violations under Mass. Gen. Laws ch. 12, §§ 11H–11I (Counts IX–X).

Characterizing Counts VI–VIII as involving claims under 42 U.S.C. § 1983, the City of Boston removed the case to this Court.[1] Before me at this time is the Commonwealth Defendants' motion to dismiss for failure to state a claim (as to the unknown court employee) and for lack of subject matter jurisdiction (as to the Commonwealth).

## II. JURISDICTION

The federal supplemental jurisdiction statute, 28 U.S.C. § 1367, provides this Court with jurisdiction over state law claims that form part of the same case or controversy as other claims, *e.g.,* the § 1983 claims in this case, over which original jurisdiction does exist.[2] However, this statutory grant can

---

1. Because the plaintiffs neither moved for remand nor objected to this characterization of their complaint, I have treated Counts VI–VIII as § 1983 claims. At the hearing in this matter, counsel for plaintiffs stated a preference for litigation in one forum—the state court, if appropriate. In order to assure single forum litigation of his clients' claims, plaintiffs' counsel agreed to dismissal of Counts VI–VIII, which are, in any event, on questionable grounds if treated as § 1983 causes of action. *See infra* note 2.

2. Dismissal of the putative § 1983 claims, and remand of the remaining state law claims against the City Defendants under 28 U.S.C. § 1367(c)(3), might be anticipated, but for the agreement of plaintiffs' counsel to dismiss the claims voluntarily to achieve a single forum for resolution of the case. *See supra* note 1. It is clear that this entire action is grounded in allegations of negligence. (Compl. ¶ 1 ("Plaintiff ... brings this action to recover damages for negligence ....").) As to any § 1983 claim, however, a "plaintiff must still prove a violation of the underlying constitutional right; and depending on the right, merely negligent conduct may not be enough to state a claim." *Daniels v. Williams,* 474 U.S. 327, 330, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). The putative § 1983 claims, Counts VI–VIII, allege that the City Defendants "deprived [Rivera] of his personal liberty." (Compl.¶¶ 43, 47, 51.) However, the Supreme Court has specifically held that "mere lack of due care by a state official" does not " 'deprive' an individual of life, liberty, or property under the Fourteenth Amendment." *Daniels,* 474 U.S. at 330–31, 106 S.Ct. 662.

neither permit refashioning of the predicates for state-based claims nor expand the jurisdictional boundaries set forth in Article III and the Eleventh Amendment of the United States Constitution.

## A. FAILURE TO STATE A TORT CLAIM AGAINST AN INDIVIDUAL STATE EMPLOYEE

■ Massachusetts has created a statutory scheme, through the Massachusetts Tort Claims Act, Mass. Gen. Laws ch. 258, for torts allegedly committed by public officers and entities. Under the Act, "no ... public employee shall be liable for any injury or loss of property or personal injury or death caused by his negligent or wrongful act or omission while acting within the scope of his office or employment." Mass. Gen. Laws ch. 258, § 2. "The public employer, however, is liable for such an injury or death as if it were a private individual, subject to certain exceptions." *Taplin v. Town of Chatham*, 390 Mass. 1, 2, 453 N.E.2d 421 (1983); *see Consolo v. George*, 835 F.Supp. 49, 52 (D.Mass. 1993).

The complaint here explicitly alleges that the court employee—and the police officers—are public employees for purposes of ch. 258. (Compl.¶¶ 5, 7–8.) Moreover, the complaint appears to concede that these individuals were acting within the scope of their employment. Specifically, the complaint alleges that the court officer "so negligently and carelessly performed his/her duty that he/she caused process to be issued against the wrong person; that in exercising his/her duty he/she failed to exercise due care," (*id.* ¶ 26), and that the police officers "so negligently and carelessly performed [their] duty that

[they] caused the wrong person to be arrested; that in performing [their] duty [they] failed to exercise due care," (*id.* ¶¶ 34, 38). Where, as here, it is apparent that individual defendants were public employees acting within the scope of their employment, dismissal of negligence claims against them is appropriate. *See Taplin*, 390 Mass. at 2, 453 N.E.2d 421; *Gross v. Bohn*, 782 F.Supp. 173, 182 (D.Mass.1991)(dismissal of individual employee required where "Plaintiffs do not allege that [the public employee] was acting in any capacity other than his [official] capacity"). Consequently, I will dismiss Count II, the negligence claim against the court employee.[3]

## B. LIMITATION ON ACTION AGAINST THE COMMONWEALTH

With the dismissal of the ch. 258 claim against the court employee, the sole negligence claim involving the Commonwealth is against the Commonwealth itself. As to this claim, the Commonwealth has immunity. The Supreme Court has emphasized that the United States Constitution constrains the exercise of federal judicial power over actions against States.

> The Eleventh Amendment is an explicit limitation on the judicial power of the United States.... It deprives a federal court of power to decide certain claims against States that otherwise would be within the scope of Art. III's grant of jurisdiction.... The Amendment thus is a specific constitutional bar against hearing even federal claims that otherwise would be within the jurisdiction of the federal courts.... In sum, ... neither pendent

I decline to reach the merits of the § 1983 claims definitively on a *sua sponte* basis. The parties have not addressed the merits of the § 1983 claims. More importantly, the Supreme Court's recent decision in *Steel Co. v. Citizens For a Better Environment*, — U.S. —, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998), counsels against reaching the merits while an unresolved jurisdictional issue exists. *See Hardemon v. City of Boston*, 144 F.3d 24, 25 (1st Cir.1998); *id.* at 30 (Bownes, J., concurring). In any event, with the resolution of the jurisdictional issues and the acquiescence in dismissal of Counts VI–VIII by

plaintiffs, the merits of the § 1983 claims are moot.

3. Count II is the only claim against the court employee, who will be dismissed from the case entirely. The police officers—who have not moved for dismissal on any grounds—will remain for the time being subject to claims I have concluded are subject to dismissal under ch. 258. In addition, the police officers face claims individually under the Massachusetts Civil Rights Act, Mass. Gen. Laws ch. 12, §§ 11H and 11I (Counts IX and X). Those remaining claims will be addressed by the state court on remand.

jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment. A federal court must examine each claim in a case to see if the court's jurisdiction over that claim is barred by the Eleventh Amendment.

*Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 120–21, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). Consequently, I may not decide Rivera's claim against the Commonwealth, either independently or in conjunction with other claims, if jurisdiction is barred by the Eleventh Amendment.

■ "It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment.... This jurisdictional bar applies regardless of the nature of the relief sought." *Pennhurst,* 465 U.S. at 100, 104 S.Ct. 900. Therefore, Rivera's claim against the Commonwealth can only be heard in this Court with the Commonwealth's consent. The Commonwealth has expressly exercised its prerogative to waive its sovereign immunity only insofar as claims are brought against it in its own judicial fora.

■ "[A] State's constitutional interest in immunity encompasses not merely whether it may be sued, but where it may be sued." *Id.,* at 98, 104 S.Ct. 900. As a result, a state may waive its sovereign immunity against suits in state court while maintaining its sovereign immunity against the same suits in federal court. A state's general waiver of sovereign immunity has precisely this effect. *See Atascadero State Hosp. v. Scanlon,* 473 U.S. 234, 237, 105 S.Ct. 3142, 87 L.Ed.2d 171 (1985) ("Although a State's general waiver of sovereign immunity may subject it to suit in

state court, it is not enough to waive the immunity guaranteed by the Eleventh Amendment.... Thus, in order for a state statute or constitutional provision to constitute a waiver of Eleventh Amendment immunity, it must specify the State's intention to subject itself to suit in federal court.").

■ The relevant sections of ch. 258 provide: "Public employers shall be liable ... in the same manner and to the same extent as a private individual.... The superior court shall· have jurisdiction of all civil actions brought against a public employer." Mass. Gen. Laws ch. 258, §§ 2, 3. Such "language does not refer to actions in federal court, hence failing to meet the strict standard of eleventh amendment waiver enunciated in *Atascadero* .... This [is] an end to the matter ...." *Della Grotta v. State of Rhode Island,* 781 F.2d 343, 346 (1st Cir.1986) (addressing Rhode Island statute which provided that the state "shall be liable ... in the same manner as a private individual").

It bears noting that prior to the Supreme Court's holding that a state's waiver of its Eleventh Amendment immunity must be explicit as to federal courts, the following question was certified to the Supreme Judicial Court: "Does Massachusetts General Laws Chapter 258 by its terms, either expressly or impliedly, indicate the Commonwealth's consent to suit by citizens in federal as well as state courts, thereby waiving its eleventh amendment immunity?" *Irwin v. Commissioner of Dep't of Youth Servs.,* 388 Mass. 810, 811, 448 N.E.2d 721 (1983). The Supreme Judicial Court responded "that it does not." *Id.*[4] At least in this context, "[t]he

4. In reaching this conclusion, the Supreme Judicial Court pointed to its longstanding holding that the jurisdiction conferred upon the superior court by Mass. Gen. Laws ch. 258, § 3, is exclusive. 388 Mass. at 818, 448 N.E.2d 721. I note, however, that apart from declining to waive its Eleventh Amendment immunity, a state has no power to deprive federal courts of diversity or supplemental jurisdiction over state law causes of action. *See, e.g., Hindes v. FDIC,* 137 F.3d 148, 168 n. 15 (3d Cir.1998) ("[A] state statute cannot be applied so as to limit a federal court's supplemental jurisdiction."); *Hardemon v. City of Boston,* 144 F.3d 24, 28 (1st Cir.1998) ("In the district court, the City argued that a state statute

vesting jurisdiction in the Massachusetts Superior Court of this type of action precluded federal jurisdiction. The City has wisely decided not to pursue this challenge on appeal."). As a result, the Commonwealth is incorrect when it argues that "[o]nly the Commonwealth's own Superior Court has jurisdiction to hear claims pursuant to Chapter 258." (Commonwealth Br. at 3 (citing *Koofreh v. Carlisle,* Civ. No. 94–12294–EFH, slip op. at 2 (D.Mass. Dec. 20, 1994))). To the contrary, this Court does have, under the appropriate circumstances, diversity and supplemental jurisdiction over Chapter 258 claims against parties not protected by the Eleventh Amendment, such as the City of Boston and the individual city

question of waiver is one of state legislative intent," and "legislative intent is a matter of state law, on which the highest court of a state speaks with finality." *Della Grotta*, 781 F.2d at 347. Therefore, even if the stringent standard of *Atascadero* did not apply, no waiver of Eleventh Amendment immunity could be found as to the Massachusetts Tort Claims Act.

 In sum, the Commonwealth has not waived its immunity from suit in federal court as to tort claims and therefore this Court lacks jurisdiction—either original or supplemental—over Rivera's claim against the Commonwealth. Consequently, Count I must be remanded to state court. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.")[5]

## III. CONCLUSION

For the reasons set forth above, Counts II, VI, VII, and VIII are DISMISSED, and the remaining Counts I, III, IV, V, IX, and X are hereby REMANDED.

### *ORDER OF DISMISSAL OF COUNTS AND REMAND*

In accordance with the Memorandum and Order issued on July 28, 1998 granting defendants' motion to dismiss the negligence claims against the individual state employee defendant who is not a proper party (Count II), and granting the defendants' motion to dismiss the § 1983 claims (Counts VI, VII and VIII) and remanding Counts I, III, IV,

---

defendants in this case. *See, e.g., Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977) (holding that Eleventh Amendment does not bar suits against municipalities or political subdivisions of a state); *Kentucky v. Graham*, 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985) (holding that Eleventh Amendment does not bar suits against state officers for money damages to be paid out of the officers' own pockets).

5. By removing the entire case to this Court and then declining to waive sovereign immunity, the City of Boston and the Commonwealth have respectively raised the prospect that the plaintiffs

V, IX and X to the state court, it is hereby ORDERED:

Counts II, VI, VII and VIII are DISMISSED, and the remaining counts, Count I, III, IV, V, IX and X are hereby REMANDED to the Massachusetts Superior Court for Suffolk County for further proceedings.

The further scheduling conference previously set for August 18, 1998 is hereby CANCELLED.

---

would be forced to litigate their claims, all of which arise from a common nucleus of operative fact, in two different fora. Nevertheless, it is clear that the policy interests behind supplemental jurisdiction are subordinate to the Eleventh Amendment. *See Pennhurst*, 465 U.S. at 120–21, 104 S.Ct. 900; *Cuesnongle, O.P. v. Ramos*, 835 F.2d 1486, 1497 (1st Cir.1987) (discussing bifurcation problem faced by plaintiffs). As the Supreme Court emphasized last month, when jurisdiction over certain defendants is lacking, it is proper to remand only the claims against those defendants, as opposed to the entire case. *Wisconsin Dep't of Corrections v. Schacht*, —— U.S. ——, 118 S.Ct. 2047, 141 L.Ed.2d 364 (1998).