Fecteau, J.
This matter arises out of a claim alleging negligent handling of the plaintiffs, Vernon Cook *62 ("Cook”), properly by the defendants, Lynn Bissonnette, the Superintendent of the North Central Correctional Institution in Gardner, Richard Sylvain, the Institutional Grievance Coordinator and Robert Priest, a Unit Manager at NCCI (“defendants”). The defendants are presently moving for summary judgment on counts alleging violations of G.L.c. 258 and 42 U.S.C. §1983.[2] For the following reasons, the defendants’ motion for summary judgment is ALLOWED in part and DENIED in part.
BACKGROUND
The plaintiff was committed to the custody of the Department of Correction (“DOC”) on or about February 7, 1995, to serve a 9-15 year sentence for breaking and entering a building with intent to commit a felony imposed in Hampden Superior Court. The plaintiff is also serving a concurrent sentence for unarmed burglary, which was imposed on June 9, 1995 in Berkshire Superior Court. The plaintiff is presently incarcerated at the Southeastern Correctional Center, a medium security prison in Bridgewater, Massachusetts. The plaintiff was previously incarcerated at the North Central Correctional Institution in Gardner (“NCCI”) out of which the present matter arose.
While at NCCI on December 2, 1996, the plaintiff was placed in a segregated unit for certain disciplinary infractions. When placed in segregation, certain items belonging to the plaintiff were forwarded to him. His remaining properly was packed and inventoried by DOC personnel on December 6, 1996. Upon release from segregation on December 13, 1996, the plaintiff became aware that certain personal items in his possession prior to being placed in segregation were missing. Specifically, the plaintiff claimed that he was missing Koss headphones, two baseball caps, one pair of Nike sneakers, a canteen order for December 2, 1996 and two adult magazines.
The plaintiff initially filed a claim with the unit manager which was denied on January 13, 1997. The plaintiff subsequently filed a formal grievance with the institutional grievance coordinator at NCCI. Upon review of the plaintiffs claim, the grievance coordinátor also denied the petition. The plaintiff next filed an appeal with the Superintendent of NCCI on January 21, 1997 which was also denied.
On January 31, 1997, the plaintiff forwarded a letter of presentment to the Secretary of the Department of Public Safety pursuant to G.L.c. 258, §4 in which the plaintiff added additional items of personal property he alleges that the defendants negligently lost: two pairs of Levi jeans, one black silk dress shirt, a Canon typewriter and a G.E. Superadlo. The plaintiff maintains that he did not receive a response to his presentment letter and subsequently commenced a suit in Gardner District Court against the DOC and the Executive Office of Public Safety. The action was dismissed on December 26, 1997. The plaintiff then filed this action.
DISCUSSION
A.Summary Judgment Standard
The Court grants summary judgment where there are no genuine issues of material fact and where the nonmoving party is entitled to judgment as a matter of law. Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not have the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or by demonstrating that proof of that element is unlikely to be forthcoming at trial. Flesner v. Technical Commun. Corp., 410 Mass. 805, 809 (1991). If the moving party establishes- the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat the motion. Pederson, supra at 17. The opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment. LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
B.Validity of Claim under G.L.c. 258, §2.
The plaintiff has brought a claim under the Massachusetts Tort Claims Act, G.L.c. 258, §2. The defendants are moving for. summary judgment on this count on the basis that the defendants are employees exempt from the statute. G.L.c. 258, §2 states in pertinent part, “Public employers shall be liable for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any public employee while acting" within the scope of his office or employment ... no public employee or the estate of such public employee shall be liable for any injury or loss of property or personal injury or death caused by his negligent or wrongful act or omission while acting within the scope of his office or employment.” Thus, under the Tort Claim Act, a public employer is liable for personal injury or death caused by negligence of an employee acting within the scope of his employment. Id.; see also Taplin v. Chatham, 390 Mass. 1, 2 (1983).
The defendants accurately state that as employees, who were at all relevant times acting within the scope of their employment, they are exempt from liability under G.L.c. 258. See G.L.c. 258, §2; Taplin, supra at 2. Accordingly, the defendants are entitled to summary judgment on the claim against them in their individual capacities for violation of G.L.c. 258.
C.Validity of Claim under 42 U.S.C. §1983
The plaintiff has raised a claim under 42 U.S.C. §1983 for a civil rights violation arising out of the negligent handling of his personal property in Decern *63 ber 1996. The defendants are presently moving for summary judgment on this count, contending that the plaintiff has state remedies available to him rendering unactionable any claim brought under the federal statute.
The court addressed a similar issue in Johnson v. Fair, 697 F.Sup. 567 (1988). In Johnson, a prisoner brought an action alleging deprivation of his property based upon the loss of his television set. Id. at 570. The court noted that even when a claim satisfies the three prerequisites for a due process claim, the claim cannot necessarily proceed. Id.; Parrott v. Taylor, 451 U.S. 527, 536-37 (1981). The court stated that the “Fourteenth Amendment protects only against deprivation without due process of law, and state tort law remedies — even post deprivation remedies — can provide the process required by the Fourteenth Amendment." Id. at 571. The court noted that the claims raised by the prisoner are actionable under the Massachusetts Tort Claims Act. Id. The court held that since the plaintiff did not claim that the state statutory procedures were inadequate, his exclusive remedy is a claim under the Massachusetts Tort Claim Act. Id. Similarly, in the present matter, the plaintiff is alleging that the defendants negligently handled his personal property while in their possession in violation of 42 U.S.C. §1983. This claim is actionable, however, under the Massachusetts Tort Claim Act, G.L.c. 258, and the plaintiff is therefore estopped from pursuing a claim under a federal statute. Johnson v. Fair, 697 F.Sup. at 571; Parrott v. Taylor, 451 U.S. at 536-37.
ORDER
Based upon the foregoing reasons, it is hereby ORDERED that the defendants’ motion for summary judgment is ALLOWED in part and DENIED in part. It is further ORDERED that the plaintiff will be allowed thirty days from the date of this order to amend his complaint to name the proper defendant.

The defendants are presently moving to dismiss the complaint, or in the alternative, for summary judgment. Based upon the defendants’ reliance on documents beyond the four corners of the complaint, the court will treat the motion as one for summary judgment. See Stop & Shop Cos. v. Fisher, 387 Mass. 889, 892 (1983); see also Mass.R.Civ.P. 56(b); Mass.R.Civ.P. 12(b).