Shalom SEGELMAN, Plaintiff

v.

CITY OF SPRINGFIELD,
et al., Defendants.

C.A. No. 08–30002–MAP.

United States District Court,
D. Massachusetts.

June 11, 2008.

---

Archer B. Battista, Michael S. Gove, Lyon, Ferriter & Fitzpatrick LLP, Holyoke, MA, Denis M. King, Goulston & Storrs, PC, Boston, MA, for Defendants.

Tani E. Sapirstein, Sapirstein & Sapirstein, PC, Springfield, MA, for Plaintiff.

### MEMORANDUM AND ORDER REGARDING DEFENDANTS' MOTIONS TO DISMISS AND PLAINTIFF'S MOTIONS TO STRIKE (Dkt. No. 21, 28, 32, 33 & 38)

PONSOR, District Judge.

Plaintiff filed a twelve-count complaint charging Defendants City of Springfield, Citibank, N.A., and Concerned Citizens for Springfield, Inc. ("CCS"), under various theories, with discrimination against him based upon his religion. All three Defendants filed motions to dismiss, and Plaintiff filed two motions to strike. On May 29, 2008, counsel appeared for argument and the court indicated that Plaintiffs' Motions to Strike would be denied and all three Motions to Dismiss would be allowed.

The court set forth the reasons supporting dismissal at length during the hearing, and a transcript of the proceeding will contain the court's rationale in detail. Briefly, it is as follows.[1]

With regard to Count I, alleging malicious prosecution solely against the City of Springfield, Mass. Gen. Laws ch. 258, § 10(c) bars "any claim arising out of any intentional tort, including ... malicious prosecution." *See also Petricca v. City of Gardner*, 429 F.Supp.2d 216, 224–25 (D.Mass.2006). On the face of the complaint, in light of the applicable law, this count has no merit.

---

1. In addressing the motions to dismiss, the court looked *solely* at the four corners of the First Amended Complaint (Dkt. No. 12), without reference to any of the appendices filed by Defendants. For this reason, the court will deny Plaintiff's Motions to Strike as moot.

■ Counts II through V assert causes of action pursuant to 42 U.S.C. § 1983 against the City of Springfield, charging that this Defendant violated his right to exercise his religion, his right to access to the court, his right to substantive due process, and his right to equal protection under the law. As to these counts Plaintiff has simply failed even to *allege* facts that, if proved, would support his claims. The most prominent "fact" offered by Plaintiff in support of his claims—the City's supposed "insistence" that a contempt proceeding go forward on a day when Plaintiff was required by his religious beliefs to observe a holiday—simply cannot support a claim under § 1983 for at least two reasons. First, the decision to go forward was made by the judge, not by the City. Defendant's decision to *argue* that the proceeding should go forward cannot under any circumstances be construed as constituting an injury to Plaintiff.

Second, while it is true that most judges will bend over backwards to accommodate religious holidays of all kinds, no court has ever held that the failure to do this constitutes a violation of a recognized *constitutional* right.[2]

■ With regard to Counts VI, VII, and VIII, alleging conspiracy against the three Defendants, Plaintiff has failed to allege any facts whatsoever supporting the existence of a conspiratorial agreement, or any facts supporting any claim of an intended violation of a constitutional right. *See Bell Atlantic Corp. v. Twombly*, —— U.S. ——, ——, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007); *DM Research, Inc. v. College of Am. Pathologists*, 170 F.3d 53, 55 (1st Cir.1999). *See also, Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 274, 113 S.Ct. 753, 122 L.Ed.2d 34 (1993).

■ With regard to Count IX, alleging violation of a fiduciary duty, it is well established that the relationship of a debtor and creditor without more does not establish a fiduciary duty. *Flaherty v. Baybank Merrimack Valley, N.A.*, 808 F.Supp. 55, 64 (D.Mass.1992). Moreover, a careful review of the complaint reveals that it lacks even an allegation that Plaintiff's private financial information was disclosed by Defendant Citibank.

With regard to Count X, which alleges a violation of the Massachusetts Civil Rights Act, Mass. Gen. Laws ch. 12, §§ 11H *et seq.*, no facts have been offered to support any claim of "threats, intimidation or coercion" as required by that statute.

With regard to Count XI, alleging intentional infliction of emotional distress, the facts as alleged will simply not support the elements of that claim, either as to egregiousness of conduct or severity of distress. *See Agis v. Howard Johnson Co.*, 371 Mass. 140, 355 N.E.2d 315, 318–19 (1976).

Count XII has been voluntarily dropped by Plaintiff.

■ An issue remained following argument as to whether dismissal should be with or without prejudice. A ruling allowing a Motion to Dismiss for failure to state a claim is presumed to be with prejudice. *United States of America ex rel. John C. Karvelas v. Melrose–Wakefield Hosp.*, 360 F.3d 220, 241 (1st Cir.2004). Particularly where, as here, Plaintiff has had an opportunity to review and amend the complaint, and where its contents still cannot withstand analysis, no reason exists to depart from established precedent.

---

2. Plaintiff's suggestion that Defendant was somehow denied access to the court, when proceedings went forward on a day when Plaintiff's co-counsel had difficulty appearing in court due to the illness of a parent is too flimsy to bear analysis.

Based on the foregoing, Defendants' Motions to Dismiss (Dkt. No. 21, 28, & 38) are hereby ALLOWED, *with prejudice.* Plaintiff's Motions to Strike (Dkt. Nos. 32 & 33) are hereby DENIED, as moot. The clerk is ordered to enter judgment for Defendants on all counts. This case may now be closed.

It is So Ordered.